IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PEDRO CHAVEZ VASQUEZ, §
§
   Petitioner, §
§
v. § 2:17-CV-218-D
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
   Respondent. §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner PEDRO CHAVEZ VASQUEZ. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On July 15, 1998, petitioner was charged by Complaint in Potter County, Texas with the offense of aggravated robbery. *State v. Vasquez*, No. 17,591-A [ECF 22-8 at 56]. On October 7, 1998, petitioner was charged by Indictment with the same aggravated robbery offense. *State v. Vasquez*, No. 39,736-B [ECF 22-8 at 57]. Specifically it was alleged that on or about July 7, 1998, petitioner:

> [D]id then and there, while in the course of committing theft of property, to-wit: jewelry, and with intent to obtain and maintain control of said property, intentionally and knowingly cause bodily injury to ALVARO HERNANDEZ by cutting ALVARO HERNANDEZ, and the defendant did then and there use and exhibit a deadly weapon, to-wit: an object unknown to the Grand Jurors that in the manner of its use and intended use was capable of causing death and serious bodily injury.

[*Id*.]. On April 15, 2005, petitioner entered a judicial confession and pled guilty to the lesser included

2nd degree felony offense of robbery and applied for community supervision. [ECF 22-8 at 51, 53]. The state trial court accepted petitioner's guilty plea and, pursuant to the State's punishment recommendation, deferred adjudication of petitioner's guilt, placed defendant on deferred adjudication community supervision for a term of five (5) years, assessed various fees, assessed $400 in restitution and a $600 fine, and ordered the completion of 300 hours of community service. [ECF 22-8 at 52, 58-60]. Pursuant to his plea bargain with the State, petitioner waived his right to appeal the trial court's order. [ECF 22-8 at 51].

On March 2, 2007, the state trial court extended petitioner's community supervision obligation for a period of two (2) years after finding petitioner had violated his community supervision. [ECF 22-8 at 63, 68, 78].

On February 20, 2008, petitioner was arrested for and charged with a DWI offense after being involved in a motor vehicle accident. [ECF 22-8 at 68]. On March 28, 2008, the State filed a *Motion to Proceed with Adjudication of Guilt on Original Charge*, alleging petitioner had failed to comply with certain conditions of his community supervision, including being arrested for and charged with the DWI offense. [ECF 22-8 at 63-64].

On June 24, 2008, the trial court granted the State's motion finding all violation allegations true, adjudicated petitioner guilty of the second degree felony offense of robbery, and assessed a sentence of 20-years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. The *Order Pronouncing Adjudication of Guilt* and corresponding *Judgment*, entered June 24, 2008, were signed June 27, 2008. Petitioner did not file a direct appeal of his conviction and sentence.

On July 15, 2008, the trial court entered a *Nunc Pro Tunc Order Pronouncing Adjudication of*

*Guilt*, as well as a corresponding *Nunc Pro Tunc Judgment*.[1]  [ECF 22-8 at 70-74; 22-13 at 38-42]. Again, petitioner did not file a direct appeal.

On February 10, 2014, petitioner, acting *pro se*, filed an application for a state writ of habeas corpus collaterally attacking his conviction and sentence, such application being received and filed-marked by the trial court on February 19, 2014.  *Ex parte Vasquez*, No. 81,163-01.  [ECF 22-8 at 6-37].  By his state habeas application, petitioner alleged *inter alia* that his guilty plea was involuntary, ineffective assistance of counsel, prosecutorial misconduct, and a violation of due process because the trial court erroneously considered facts of an unrelated offense and victim that did not involve petitioner when sentencing petitioner.  On November 26, 2014, upon the state trial court's entry of findings of fact and conclusions of law that its improper consideration of the unrelated offense violated petitioner's right to due process, the Texas Court of Criminal Appeals granted petitioner relief, set aside the judgment and remanded the case to the trial court.  [ECF 22-9].  On January 27, 2015, the trial court entered a new *Judgment Adjudicating Guilt* sentencing petitioner to 15-years' incarceration. [ECF 22-13 at 53-54].

On June 3, 2016, petitioner filed a second state application for habeas corpus relief, said application being received and filed-marked by the trial court on June 7, 2016.  [ECF 22-13 at 5-57]. On September 7, 2016, the Texas Court of Criminal Appeals dismissed the second state habeas application as a subsequent application.  *Ex parte Vasquez*, No. 81,163-02.  [ECF 22-12].

On October 30, 2017, petitioner placed the instant federal application for habeas corpus in the prison mail system; on November 6, 2017 this Court received and filed petitioner's application [ECF 3].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United

---

[1] The only correction of the original order and judgment the undersigned can discern is the modification of a date in the time credited column/paragraph.

States for the following reasons:

1. Petitioner was denied effective assistance of counsel because counsel did not ensure an interpreter was present during petitioner's 2005 guilty plea proceeding pursuant to which adjudication of petitioner's guilt was deferred and petitioner was placed on five (5) years of community supervision; and

2. Petitioner's 2005 guilty plea was involuntary because he did not understand the charges against him or the plea agreement.

## III.
## RESPONDENT'S ANSWER

On May 3, 2018, respondent filed her Preliminary Response arguing petitioner's habeas application should be dismissed as time barred. [ECF 23]. In her response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, the actual innocence gateway to overcome a limitations bar, and equitable tolling of the limitations period. Respondent also fully and accurately set forth relevant dates in this case and analyzed the timeliness of petitioner's habeas application. On May 24, 2018, petitioner filed a reply to respondent's response.

## IV.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## V.
## TIME BAR

In her preliminary response, respondent notes petitioner's claims arose at the time of his original guilty plea proceeding and relate to the initial entry of the April 15, 2005 order placing petitioner on deferred adjudication community supervision. Respondent argues petitioner does not raise any claims challenging either the trial court's order adjudicating petitioner's guilt and assessing a 20-year sentence in 2008, or the order adjudicating petitioner's guilt and assessing a 15-year term of imprisonment in 2015. Respondent argues the limitation period for petitioner's claims began to run on the date the original order deferring adjudication became final, *i.e.*, on May 16, 2005, when the time for filing an appeal expired. Respondent contends any federal habeas application petitioner wished to file asserting these claims had to be filed no later than May 16, 2006 to be timely under the limitations period. Respondent contends petitioner is not entitled to statutory or equitable tolling to extend the limitations period with regard to his claims. Petitioner's reply does not address respondent's argument that his federal habeas application is time barred.

Petitioner's claims challenge his April 15, 2005 guilty plea, asserting the denial of his right to effective assistance of counsel at the guilty plea hearing and asserting his guilty plea was involuntary. By these claims, petitioner challenges the initial proceeding that resulted in the April 15, 2005 order deferring adjudication of guilt and granting probation.

Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Here, the state trial court entered the Order placing petitioner on deferred adjudication probation on April 15, 2005. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005). Because petitioner failed to file an appeal, the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on May 16, 2005. *See* Tex. R. App. P. 26.2(a)(1). Under the AEDPA, petitioner had one year, or until May 16, 2006, to raise any complaints regarding deficiencies during the initial deferred adjudication proceedings.[2]

---

[2] Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner's state habeas applications, filed in February 2014 and June 2016, were filed well after the expiration of the limitations period and do not provide petitioner with any statutory tolling.

The Fifth Circuit has recognized the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. section 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* at 810-11. Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In his application, petitioner does not assert any basis for equitable tolling, nor has he, in any way, demonstrated such tolling is warranted. The limitation period to file a federal habeas application asserting petitioner's ineffective assistance of counsel and involuntary plea claims expired in May 2006, approximately eight (8) years prior to petitioner's February 2014 filing of his first state habeas petition and more than eleven (11) years prior to his October 30, 2017 filing of his federal habeas petition. Petitioner has made no showing that he was actively misled by the State about his claims or that he was prevented in some extraordinary way from filing his petition. Petitioner is not entitled to equitable tolling under the facts of this case.

## VI.
## ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct.

1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to the lesser included robbery offense and executed a judicial confession admitting he committed the acts alleged in the Indictment, he now contends he is innocent. Petitioner appears to assert he was simply in a fist fight with a friend, did not take anything and did not have a weapon. [ECF 3 at 6]. Petitioner thus contends he is actually innocent of the offense of robbery and possibly argues he should be excused from any applicable time bar.

Petitioner fails to make the necessary showing of actual innocence. He has not presented any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. Petitioner was aware of his potential defense to the charge at the time of the underlying proceeding. Moreover, as set out previously, petitioner pleaded guilty as alleged in the indictment and averred that he committed each and every allegation contained in the indictment and that he was guilty of the offense. Judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*,

752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). A defendant's representations at the plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a subsequent collateral attack. *Blackledge*, 431 U.S. at 74. The facts presented by petitioner do not demonstrate he is actually innocent of the charged offense; thus, he has not overcome any time bar for filing a federal habeas corpus petition.

## VII.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. The state trial court entered the *Order Deferring Adjudication and Placing Defendant on Community Supervision* petitioner on April 15, 2005. Petitioner did not file a direct appeal of this Order with the appropriate state appellate court.

2. Petitioner's deferred adjudication order became final on **May 16, 2005**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **May 16, 2006**, unless statutorily or equitably tolled.

8. Neither petitioner's first state habeas application, filed **February 10, 2014,** nor his second state habeas application, filed **June 3, 2016**, statutorily tolled the limitations period.

9. Petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **October 30, 2017** when it was placed in the state prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Although petitioner has possibly asserted an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## VIII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Response filed May 3, 2018 [ECF 23], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner PEDRO CHAVEZ VASQUEZ be DENIED.

## IX.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 21, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).